UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-00551-RJC
(3:05-cr-00074-RJC-CH-1)

| | | |
|---|---|---|
| MARION COX, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's pro se Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255. (Doc. No. 1). For the reasons that follow, the motion will be dismissed as successive.

I. BACKGROUND

On August 11, 2005, Petitioner was convicted by a jury possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g). (Case No. 3:05-cr-74, Doc. No. 18: Verdict). The Court sentenced Petitioner to 262 months' imprisonment, pursuant to 18 U.S.C. 924(e), which he appealed to United States Court of Appeals for the Fourth Circuit. (Doc. No. 31: Judgment; Doc. No. 27: Notice of Appeal). Petitioner argued that there was insufficient evidence that he possessed the gun, but the Fourth Circuit affirmed the conviction. United States v. Cox, 218 F. App'x 257 (4th Cir. 2007). Petitioner did not file a petition for a writ of certiorari.

On May 2, 2008, Petitioner filed his first § 2255 motion claiming ineffective assistance of counsel. (Case No. 3:08-cv-201, Doc. No. 1). The Court found he was not entitled to relief on any issue, denied the motion, and declined to issue a certificate of appealability. (Id., Doc. No. 21: Order). Petitioner appealed to the Fourth Circuit which denied a certificate of appealability

1

and dismissed the appeal. United States v. Cox, 465 F. App'x 267 (4th Cir.), cert. denied, 132 S. Ct. 2732 (2012).

On June 26, 2012, Petitioner filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure claiming that his sentence pursuant to § 924(e) was invalid in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (3:08-cv-201, Doc. No. 27). The Court dismissed the motion as an unauthorized, successive § 2255 petition. (Id., Doc. No. 28: Order). The Fourth Circuit construed his notice of appeal and informal brief as an application for permission to file a successive § 2255 motion. United States v. Cox, 521 F. App'x 245, 246 (4th Cir. 2013). The Court denied the application finding that Petitioner had failed to satisfy 28 U.S.C. § 2255(h) by showing newly discovered evidence discredited his guilt or raising a claim based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Id.

On September 27, 2013, Petitioner filed the instant § 2255 motion contending that the recent Supreme Court decision in Descamps v. United States, 133 S. Ct. 2276 (2013), invalidated the use of his prior convictions to qualify him as an Armed Career Criminal. (Doc. No. 1 at 4). He asserts, without legal support, that Descamps applies retroactively to cases on collateral review. (Id. at 6).

II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes

that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

III. DISCUSSION

As noted above, this is Petitioner's third effort under § 2255 to challenge the legality of his criminal judgment. The Antiterrorism and Effective Death Penalty Act (AEDPA) provides, in relevant part, that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2255(h).

There is no mention in the instant motion that Petitioner first secured the necessary authorization to file a second, successive motion under § 2255, nor is there any indication of such in the record. Therefore, the Court is without jurisdiction to consider it. United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion, (Doc. No. 1), is **DISMISSED** as successive.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a

petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 30, 2015

Robert J. Conrad, Jr.
United States District Judge